1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11

MATTHEW TUCKER, individually and on
behalf of all other similarly situated,

12

Plaintiff,

13

v.

14

SCOUT INDUSTRIES, LLC, a California
limited liability company,

15

Defendant.

NO.

**COMPLAINT – CLASS ACTION FOR DAMAGES PURSUANT TO 47 U.S.C. § 227, *et seq.* (TELEPHONE CONSUMER PROTECTION ACT)**

**DEMAND FOR JURY TRIAL**

16
17
18
19
20
21

Plaintiff Matthew Tucker ("Plaintiff") brings this Class Action Complaint against Defendant Scout Industries ("Scout"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

22

**I.  INTRODUCTION**

23
24
25

1.       Scout offers online marketing services for small business owners who want to "build a premium Google business listing."[1] In an effort to market its products and services, Scout sent (or directed to be made on its behalf) calls to the wireless telephones of Plaintiff and

26

---

[1]   Scout Industries, http://www.scoutindustries.com (last visited May 27, 2015).

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

each of the members of the Class without prior express written consent[2] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.     Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Scout to make calls to their wireless telephones.

3.     By making such unauthorized calls, Scout caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4.     In order to redress these injuries, Plaintiff seeks an injunction requiring Scout to cease all unsolicited calling activities, and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

6.     This Court has personal jurisdiction over Scout under the Washington Long-Arm Statute, Wash. Rev. Code Ann. § 4.28.185, because Scout conducts and carries on business in this state. By engaging in business solicitation activities in this State, Scout has submitted itself to Washington's jurisdiction.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to the claims herein occurred in this District.

## III. PARTIES

8.     Plaintiff Matthew Tucker ("Plaintiff") is an individual domiciled in Tacoma, Washington.

---

[2]  As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

9.      Defendant Scout Industries ("Scout") is a California limited liability company with headquarters located at 615 S State College Blvd, Fullerton, CA 92831. Scout conducts business throughout this District and the United States.

## IV. FACTUAL BACKGROUND

10.      Companies have employed advanced technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois.

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[3]

11.      At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 1712.

12.      On February 11, 2014 at approximately 1:31 p.m., and on February 12, 2014 at approximately 9:51 a.m., Plaintiff received calls to his wireless telephone.

13.      Plaintiff's caller identification system listed the calling number as (949) 281-0045.

14.      Upon answering the calls, an automated recorded message stated that recipient's business needed to be updated on Google because the business was not listed at the top of Google's search-listings.

15.      The automated recorded message stated that Scout could get the recipient's business listed at the very top of Google's search-listings.

---

[3] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, *The Telephone Consumer Protection Act of 1991: Adapting Consumer Protection to Changing Technology* 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

16.     The automated recorded message prompted the recipient to press a certain number to speak with a representative, or in the alternative, press a certain number to have his telephone number removed.

17.     On at least one occasion, Plaintiff pressed the number to have his telephone number removed.

18.     Nevertheless, Scout continued to call Plaintiff's wireless telephone.

19.     On at least one occasion, Plaintiff called Scout and complained about the calls.

20.     One of Scout's representatives offered to take Plaintiff's telephone number off of its call list.

21.     Plaintiff agreed.

22.     Despite Scout's claim that it had removed Plaintiff's telephone number from its call list, Plaintiff continued to receive automated recorded calls from Scout several times a day for months afterwards.

23.     On or about November 12, 2014, Plaintiff received another telephone call from Scout.

24.     Plaintiff pressed the number to speak with a representative and was connected to a person named Ashley.

25.     Plaintiff informed Ashley that: (1) his phone number was on the federal Do-Not-Call-List; (2) his number was assigned to a wireless telephone; and (3) Scout did not have his consent to call his wireless telephone.

26.     Plaintiff also informed Ashley of the federal and state law violations for using automated dialers and recorded messages to make unsolicited telemarketing calls to wireless telephones.

27.     Ashley hung-up on Plaintiff.

28.     Scout continued to call Plaintiff's wireless telephone number.

29.     On information and belief, Scout has made and continues to make phones calls to Plaintiff's and the Class members' wireless telephones without prior express written consent as part of its advertising campaign.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

30.     Scout made or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

31.     On information and belief, Scout made these calls to Plaintiff and Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

32.     Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Scout to call their wireless telephones.

## V.  CLASS ALLEGATIONS

33.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more phone calls without prior express written consent of the called party from or on behalf of Defendant Scout Industries, LLC placed by an automatic telephone dialing service or by an artificial or prerecorded voice (the "Class").

Excluded from the Class are Scout and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

34.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

35.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Scout's books and records.   Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

36.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

  a. whether Scout's conduct constitutes a violation of the TCPA;

  b. whether the equipment Scout (or someone on Scout's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

  c. whether the equipment Scout (or someone on Scout's behalf) used to make the calls in question utilized an artificial or prerecorded voice as contemplated by the TCPA;

  d. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

  e. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Scout's conduct; and

  f. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

37.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

38.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

39.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**  Scout has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

40.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Scout, so it would be impracticable for Class members to individually seek redress for Scout's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.   By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED - COUNT I

## Violation of the TCPA, 47 U.S.C. § 227

41.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.    Scout and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

43.    Scout made the calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

44.    Scout utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

45.    Scout made the calls, or had them sent on its behalf, using an artificial and/or prerecorded voice.

46.    By making the calls to Plaintiff and the Class, Scout has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Scout's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

47.     Should the Court determine that Scout's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.  JURY DEMAND

48.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Matthew Tucker, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff Matthew Tucker as the representative of the Class, and appointing his counsel as Class Counsel;

B.     Awarding of actual or statutory damages;

C.     Requiring Scout to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.     Awarding of reasonable attorneys' fees and costs; and

E.     Awarding such other and further relief that the Court deems reasonable and just.

DATED this 15th day of July, 2015.          Respectfully submitted,

TOUSLEY BRAIN STEPHENS PLLC

By: s/ *Kim D. Stephens*
       Kim D. Stephens, WSBA #11984
       Email:  kstephens@tousley.com

By: s/ *Chase C. Alvord*
       Chase C. Alvord, WSBA #26080
       Email: calvord@tousley.com

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1                     1700 Seventh Avenue, Suite 2200
                        Seattle, WA 98101
2                     Telephone: (206) 682-5600
                        Facsimile: (206) 682-2992
3

4                     Robert Ahdoot*
                        Email:  rahdoot@ahdootwolfson.com
5                     Tina Wolfson*
                        Email:  twolfson@ahdootwolfson.com
6                     Meredith Lierz*
                        Email:  mlierz@ahdootwolfson.com
7                     **AHDOOT & WOLFSON, PC**
8                     1016 Palm Avenue
                        West Hollywood, California 90069
9                     Tel: 310.474.9111; Fax: 310.474.8585

10                  Joseph J. Siprut*
                        Email:  jsiprut@siprut.com
11                  Ismael T. Salam*
                        Email:  isalam@siprut.com
12                  **SIPRUT PC**
13                  17 North State Street
                        Suite 1600
14                  Chicago, IL 60602
15                  Tel: 312.236.0000; Fax: 312.546.9963

16                  *Pro hac vice* application forthcoming

17

18                  *Counsel for Plaintiff and all similarly situated persons and entities*

19

20

21

22

23

24

25

26

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992